UNITED STATES DISTRICT COURT            JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03668-RGK-PDx | Date | June 20, 2024 |
|---|---|---|---|
| Title | *MARISCAL v. NISSAN N. AM., INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand Case to Los Angeles Superior Court [DE 11]

## I.    INTRODUCTION

On May 9, 2023, Roberto Garcia Mariscal ("Plaintiff") filed a Complaint in state court alleging violations of the Song-Beverly Consumer Warranty Act and fraud against Nissan North American, Inc. ("Defendant"). The action arises out of Plaintiff's purchase of a 2018 Nissan Altima. Plaintiff alleges the following claims: (1) breach of express warranty in violation of the Song-Beverly Act; (2) breach of implied warranty in violation of the Song-Beverly Act; (3) violation of the Song Beverly Act Section 1793.2(b); (4) fraudulent inducement by concealment.

On May 2, 2024, Defendant removed the action to federal court on the basis of diversity jurisdiction. On May 21, 2024, Plaintiff filed the current Amended Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.   FACTUAL BACKGROUND

In 2018, Plaintiff purchased a Nissan vehicle. Plaintiff alleges that the vehicle was not only warranted by Defendant, but also that Defendant concealed material information regarding the Continuously Variable Transmission of the vehicle. Plaintiff alleges that starting in November 2019, he began experiencing problems with the vehicle, including electrical, suspension, engine, and transmission system defects. Despite Plaintiff's efforts to get the car repaired, Defendant failed to adequately repair the defects. On May 9, 2023, Plaintiff filed the current complaint in state court, alleging state statutory and common law claims, but did not reveal whether the amount in controversy meets the threshold under 28 U.S.C. § 1332(a) and did not include the Retail Sales Installment Contract. Nearly a year later, based on its independent investigation, Defendant removed the action to federal court on the ground of diversity jurisdiction.

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03668-RGK-PDx | Date | June 20, 2024 |
|---|---|---|---|
| Title | *MARISCAL v. NISSAN N. AM., INC.* | | |

### III. JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

### IV. DISCUSSION

Plaintiff argues that this action should be remanded because Defendant removed the action more than thirty days after the removal deadline. For the following reasons, the Court agrees and finds that remand is appropriate.

Beyond the broader one-year deadline set by 28 U.S.C. § 1446(b), § 1446 sets forth two possible thirty-day periods for removal of an action. First, if the ground for removal is clear in the plaintiff's complaint, a thirty-day removal period commences starting from the date the defendant receives a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). If the ground for removal is not clear from the complaint, however, a thirty-day removal period can be triggered if the defendant receives an "other paper" from which they can ascertain the removability of the action. 28 U.S.C. § 1446(b)(3). In this second scenario, the thirty-day period is triggered only if the ground for removal is "unequivocally clear and certain" from the "other paper." *Dietrich*, 14 F.4th 1089, at 1095. The Ninth Circuit has further stated that "a defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous to do so." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Where a pleading or other paper is indeterminate with respect to removability, the defendant retains the right (within the broader one-year limit) to remove the action based on grounds revealed by its own investigation. *Id.*

Here, is it undisputed that the complaint did not reveal whether the amount in controversy meets the jurisdictional requirement. However, on February 1, 2024, Plaintiff served Defendant a document entitled, "Case Management Conference Statement" ("CMCS"). The CMCS includes Attachment 4b, which states the following information regarding damages and restitution:

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03668-RGK-PDx | Date | June 20, 2024 |
|---|---|---|---|
| Title | *MARISCAL v. NISSAN N. AM., INC.* | | |

Plaintiff seeks recission of the purchase contract, restitution of all monies expended for the vehicle, incidental and consequential damages, civil penalties in the amount of two times Plaintiff's actual damages, diminution in value, prejudgment interest, reasonable attorney's fees and costs of suit, general, special and actual damages according to proof at trial. Plaintiff's restitution damages are in excess of $50,000.00 and attorney's fees and costs are currently in excess of $20,000.00.

Plaintiff asserts that the language in Attachment 4b triggered the thirty-day removal period per § 1446(b)(3), as it contains information regarding the amount in controversy that made the ground for removal clear to Defendant. Upon review of the language, and without determining whether the requisite amount in controversy has, in fact, been met, the Court agrees that on its face, the CMCS provides clear notice of the damages and fees that Plaintiff seeks.[1] Since Plaintiff served the CMCS on February 1, 2024, the deadline for removal of the action was March 2, 2024. Therefore, Defendant's May 2, 2024 removal was untimely.

In opposition, Defendant asserts that the CMCS is not sufficiently clear regarding the amount in controversy. Therefore, the CMCS cannot be considered an "other paper" under 1446(b)(3), triggering the thirty-day removal period. Defendant argues that although Attachment 4b includes a statement of damages and fees, Plaintiff's counsel uses this as stock language in every case filed by them against Defendant. (Nissan's Opp'n to Mariscal's Motion to Remand at 9-10, ECF 12, Ex. 1 and 2). Moreover, the restitution damages noted are not specific to the Plaintiff's vehicle or its history, and the attorney's fees and costs stated are incompatible with the activity of this case at the time the paper was served. (*Id.*). As such, it was appropriate for Defendant to not consider this information when determining the removability of the action.

In response, Plaintiff argues that the information contained in the CMCS was sufficiently clear. In fact, Defendant has relied on the very same language which it complains of, as the basis for removal in other cases filed by Plaintiff's counsel. In support, Plaintiff has submitted evidence of seven other removals, in which Defendant relied on the Case Management Statement, with Attachment 4b's identical language, to support the requisite amount in controversy. (Mariscal's Reply to Nissan's Opp'n at 4-6, ECF 13, Ex. A-G).

Based on Plaintiff's evidence, the Court finds Defendant's argument disingenuous. Defendant, having raised Plaintiff's counsel's use of Attachment 4b as "stock language" to explain why it is

---

[1] The Court notes that the actual numbers set forth by Defendant in its Notice of Removal are different from the numbers set forth in Attachment 4b. However, applying Defendant's same methodology for calculating amount in controversy in its Notice of Removal to the numbers in set forth in Attachment 4b, Defendant would have similarly arrived at a total amount in controversy greater than $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03668-RGK-PDx | Date | June 20, 2024 |
|---|---|---|---|
| Title | *MARISCAL v. NISSAN N. AM., INC.* | | |

insufficient to form the basis for removability, neglects to explain why it is insufficient for this case, yet sufficient for other cases.

In light of Plaintiff's objection to the untimely removal, the Court finds that remand of this action is proper.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand

**IT IS SO ORDERED.**


cc: LASC, 23CHCV01304

                                                                    :
                          Initials of Preparer          JRE/vc